```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
SAM STATHIS and CELEBRITY FARMS,         :
LLC,                                     :
                    Plaintiffs,          :
                                         :
v.                                       :         ORDER
                                         :
UNITED STATES TROTTING                   :         20 CV 3016 (VB)
ASSOCIATION, and LEXINGTON               :
SELECTED YEARLING SALES CO., as a        :
necessary and indispensable party,       :
                    Defendants.          :
--------------------------------------------------------------x
```

Plaintiffs bring this action invoking subject matter jurisdiction by reason of the Declaratory Judgment Act under 28 U.S.C. § 1331 and diversity of citizenship under 28 U.S.C. § 1332.

As an initial matter, although the Complaint purports to rely on the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 (Doc. #2 ("Compl.") ¶ 2), for subject matter jurisdiction, that Act "is procedural only, and does not create an independent cause of action." Chevron Corp. v. Naranjo, 667 F.3d 232, 244 (2d Cir. 2012) (internal citations and quotations omitted).

To invoke diversity jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). Thus, 28 U.S.C. § 1332 "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." Id.; see also Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005). Specifically, 28 U.S.C. § 1332(a)(1) applies when the dispute is between "citizens of different States."

"An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile." Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000). "Domicile is 'the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'" Id. (quoting Linardos v. Fortuna, 157

1

F.3d 945, 948 (2d Cir. 1998)).  "[R]esidence alone is insufficient to establish domicile for jurisdictional purposes."  <u>Van Buskirk v. United Grp. of Cos., Inc.</u>, 935 F.3d 49, 54 (2d Cir. 2019).

"[A] corporation shall be deemed to be a citizen of any State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."  28 U.S.C. §1332(c)(1); <u>see</u> <u>also</u> <u>Hertz Corp. v. Friend</u>, 559 U.S. 77, 80 (2010).

A limited liability company ("LLC") has the citizenship of each of its individual or entity members.  <u>Handelsman v. Bedford Vill. Assocs. Ltd. P'ship</u>, 213 F.3d 48, 51–52 (2d Cir. 2000).

The complaint alleges plaintiff Celebrity Farms, LLC, is a New York limited liability company, but the complaint fails to allege the citizenship of its members.  (Compl. ¶ 8).  The complaint further alleges defendant Lexington Selected Yearling Sales Co., LLC, is a Kentucky limited liability company, but again fails to allege the citizenship of its members.  (<u>Id</u>. ¶ 10).  As limited liability companies, Celebrity Farms, LLC, and Lexington Selected Yearling Sales Co., LLC's locations are insufficient to establish their citizenship for purposes of federal diversity jurisdiction.  Moreover, the complaint alleges plaintiff Stathis is a resident of New York.  Plaintiff's residence alone is insufficient to establish citizenship for purposes of federal diversity jurisdiction.  (<u>Id</u>. at ¶ 7).

In addition, under Rule 18 of the SDNY Rules for the Division of Business Among District Judges, a civil case must be designated for assignment to White Plains if:

> i. The claim arose in whole or in major part in the Counties of Dutchess, Orange, Putnam, Rockland, Sullivan, or Westchester (the "Northern Counties") and at least one of the parties resides in the Northern Counties; or
>
> ii. The claim arose in whole or in major part in the Northern Counties and none of the parties resides in this District.

A civil case may also be designated for assignment to White Plains if:

    iii.    The claim arose outside this district and at least some of the parties reside in the Northern Counties; or

    iv.    At least half of the parties reside in the Northern Counties.

According to the complaint, the relevant property, the racehorse "Mettle," is located in the Southern District of New York (Compl. ¶ 6), but the complaint does not specify where within the district the property is located. In addition, plaintiffs' address is identified as 497 Canal Street, New York, NY. (<u>See</u>, <u>e.g.</u>, Compl. Ex. A; Doc. #7).

Accordingly, by April 17, 2020, plaintiffs' counsel shall submit a letter explaining in detail the citizenship of every party in this case so that the Court can determine whether it has subject matter jurisdiction to adjudicate plaintiff's claims. In addition, the letter shall explain—assuming the Court determines there is subject matter jurisdiction—why the case is properly designated for assignment to White Plains under Rule 18.

The Court declines to sign the requested order to show cause or issue a temporary restraining order. (Doc. #5). After the Court receives plaintiffs' counsel response to this Order, the Court will decide how to proceed. In the meantime, plaintiffs are directed to serve the summons and complaint on defendants, along with the proposed order to show cause and papers in support thereof, as promptly as possible.

Dated: April 15, 2020
       White Plains, NY

                          SO ORDERED:

                          _____
                          Vincent L. Briccetti
                          United States District Judge